NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAMIAN MEJIA PONCEANO, | |
| Plaintiff, | Civil Action No. 11-01305 (JAP) |
| v. | **OPINION** |
| THE UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |

PISANO, District Judge.

This is an action brought by Damian Mejia Ponceano ("Plaintiff") against the United States Postal Service (the "Postal Service") and James J. Quaranta ("Quaranta"). Presently before the Court is a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) by the Postal Service and Quaranta (together, "Defendants"). Plaintiff opposes the motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has carefully considered the submissions of the parties and, for the reasons below, Defendants' motion to dismiss is granted.

**I.      Factual and Procedural History**

On December 24, 2009, Plaintiff was involved in a car accident with a Postal Service vehicle driven by Quaranta. Plaintiff claims that he spoke with various Postal Service employees about the accident and about the status of his claim for damages on several occasions following

the accident, both in person and on the telephone. Plaintiff has not filed an administrative claim in writing with the Postal Service. Plaintiff filed this action on February 18, 2011, in New Jersey Superior Court, Small Claims Division, seeking a judgment of $2,723.23 for property damage. Defendants removed this matter to this Court on March 8, 2011, and filed a Certificate of Scope certifying that Quaranta was acting in the scope of his employment at the time of the accident. Defendants then filed the instant motion asking the Court to dismiss this action based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II.     Legal Standard

A party may assert a jurisdictional challenge to a claim filed in district court under Rule 12(b)(1) by attacking the complaint on its face or by making a factual challenge separate from any pleading. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In considering a facial challenge to subject matter jurisdiction, the Court may consider only the allegations contained in the complaint and must do so in the light most favorable to the plaintiff. *Gould Elecs. Inc. v. United* States, 220 F.3d 169, 176 (3d Cir. 2000). A factual challenge to subject matter jurisdiction under Rule 12(b)(1) attacks "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen*, 549 F.2d at 891. When considering such a challenge, the Court need not attach "presumptive truthfulness" to the allegations of the non-moving party, and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* In adjudicating a factual 12(b)(1) challenge, a court may consider affidavits, depositions, and testimony to resolve factual issues, and weigh the evidence to satisfy itself as to the existence of its power to hear the case. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citing *Gotha v. United States,* 115 F.3d 176, 179 (3d Cir. 1997)).

**III.     Legal Discussion**

The general rule is that the United States and its agencies are protected from lawsuits by sovereign immunity. *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr,* 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940).  However, the Federal Tort Claims Act (the "FTCA") waives sovereign immunity and grants district courts jurisdiction over certain claims against the United States, including those for money damages for negligence. *See* 28. U.S.C. §§ 1346(b), 2674.  The United States can be held liable "for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C.A. § 1346(b)(1).

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's complaint because he failed to file an administrative claim with the Postal Service prior to bringing this action in federal court.  Pursuant to the FTCA, the United States may only be sued after a claimant has presented his administrative claim to the relevant federal agency and that agency has had the opportunity to make a final determination on such claim.  28 U.S.C. § 2675(a); *Lightfoot v. United States*, 564 F.3d 625, 626 - 627 (3d Cir. 2009).  The Third Circuit requires that the administrative claim be presented to the applicable federal agency by submitting a "written notification of an incident accompanied by a claim for money damages in a sum certain for injury."  *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971).  This requirement is "jurisdictional and cannot be waived."  *Id*.  Plaintiff asserts that he spoke with

various postal employees on several occasions about the accident and the status of his claim. However, Plaintiff has failed to submit an administrative claim in writing to the Postal Service. Therefore, the Court is constrained to grant Defendants' motion to dismiss for lack of subject matter jurisdiction.

The Court notes that, pursuant to the FTCA, a claimant has two years to submit a written claim to the Postal Service from the date of the incident.  28 U.S.C. § 2401(b).  Therefore, Plaintiff has until December of 2011 to submit his written administrative claim with the Postal Service.  The Court also notes that Defendants have provided Plaintiff with a form he may use to submit his written administrative claim and the address to which he should send the complete form.

## IV.   Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: June 22, 2011